IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GREGORY WAYNE GREER                                                                                          PLAINTIFF

    v.                Civil No. 5:23-cv-05137-TLB-MEF

SHERIFF JAY CANTRELL,
Washington County, Arkansas                                                                                 DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Gregory W. Greer ("Greer"), currently an inmate of the Newton County Detention Center, has filed a civil rights action under 42 U.S.C. § 1983 arising out of the alleged conditions under which he was confined at the Washington County Detention Center ("WCDC").

Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(b).

### I.    BACKGROUND

Greer filed this action on August 18, 2023. (ECF No. 1). Greer attempted to name as Defendants all staff members of the WCDC. He was advised that § 1983 required him to name as Defendants those individuals who personally violated his federal constitutional rights, and he was directed to file an Amended Complaint. (ECF No. 3). Greer was given explicit instructions

on what an Amended Complaint must contain. *Id.* Specifically, he was told that in the Amended Complaint, he must write short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of his constitutional rights; and, (5) what specific injury he suffered because of that Defendant's conduct. He was again cautioned that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. *Id.*

Greer timely filed his Amended Complaint, and it is now the operative pleading. (ECF No. 8). Greer has now named Sheriff Jay Cantrell as the sole Defendant and has sued him in both his individual and official capacities. *Id.* at 4. Greer indicates he is a convicted inmate serving a sentence of incarceration. *Id.* at 2.

Greer was booked into the WCDC on July 13, 2023. (ECF No. 8 at 3). Greer says the WCDC is overcrowded, and he was forced to sleep on the floor. *Id.* He states that the floor is "filthy" and "all types of bugs, spiders, etc." crawl on him. *Id.* at 4. In fact, Greer says he was bitten by some kind of venomous insect. *Id.* He adds that the medical staff have failed to "give [him] an exact diagnosis." *Id.*

Greer further contends that Sheriff Cantrell has disobeyed the judge's sentencing order to transport him to the Arkansas Division of Correction ("ADC"). (ECF No. 8 at 4). He contends he is being held captive to "languish in perpetuity." *Id.* As relief, Greer asks that Sheriff Cantrell be ordered to obey the sentencing order entered by the Honorable Mark Lindsey in the Circuit Court of Washington County, Arkansas, 4th Judicial District, 6th Division, on July 13, 2023. (ECF No. 6 at 5). The Court notes Greer filed a notice of change of address on September 13, 2023, indicating he had been moved to the Newton County Detention Center. (ECF No. 14).

## II.   APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."   *Id.* at 544.   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United

States.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### A.   Conditions of Confinement

As Greer is in convicted status, the Eighth Amendment applies to his conditions of confinement claims.  *See Shipp v. Murphy*, 9 F.4th 695 (8th Cir. 2021).  The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Prison officials must "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted) (cleaned up).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element.  *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities.  The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted).  Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id.*

The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  Any injury resulting from conditions of confinement must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).  Keeping these principles in mind, the Court will now turn to the examination of the conditions of confinement alleged in Greer's Amended Complaint.

Greer's overcrowding claim is too conclusory and fails to set forth facts that state a claim as a matter of law.  Allegations of inconvenience or discomfort do not rise to the level of a constitutional violation. *Morris v. Zefferi*, 601 F.3d 805, 809-10 (8th Cir. 2010).  Having multiple inmates in a cell is generally not unconstitutional unless it leads "'deprivation of essential food, medical care, or sanitation.'" *Cody v. Hillard*, 830 F.2d 912, 914 (8th Cir. 1987) (quoting *Rhodes*, 452 U.S. at 348).

Having an inmate sleep on the floor is not necessarily unconstitutional; inconvenience or uncomfortableness without more is insufficient.  *See, e.g., Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647, 650 (8th Cir.1996) (use of a floor mattress for 13 nights not unconstitutional); rather, consideration must be given to the totality of the circumstances, including the length of time the inmate is forced to sleep on the floor and the health of the inmate.  *See, e.g., A.J. by L.B. v. Kierst*, 56 F.3d 849, 855 (8th Cir. 1995) (sleeping on mattresses on the floor not unconstitutional when it was for only a relatively short period of time and then only when there was a special need); *Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008) (having to sleep on the floor for three to seven months was not excessive).  Here, Greer alleges he was booked in on June 13, 2023, and had been sleeping on the floor presumably up to the time he filed the complaint on August 30, 2023.

5

Greer does not allege he had no mattress or bedding or was forced to sleep directly on the cement floor. While Greer does indicate that bugs and spiders crawled over him and he was bitten, he does not describe the extent of the insect problem or even whether the insects were an everyday occurrence or only happened occasionally. He does not indicate whether the detention center was treated because of the insect problem. Other than being bitten once, Greer does not allege he suffered adverse health consequences from sleeping on the floor and/or the insect problem. He does not allege he has problems in maintaining his hygiene.

Moreover, "[l]iability under § 1983 requires "a causal link to, and direct responsibility for, the deprivation of the rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Here, despite being given explicit instructions that he must link the actions or inactions of each Defendant to the constitutional violation at issue, Greer has failed to allege how Sheriff Cantrell was personally responsible for the fact that he had to sleep on the floor or the insect problem. Without such allegations, no cognizable individual capacity claim is stated against Sheriff Cantrell. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### B.   Official Capacity Claims

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the

plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted).

"Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted). "It is only when the execution of the government's policy or custom [or failure to train its' employees] . . . inflicts the injury that the municipality may be held liable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 & 388 (1989) (citations and internal quotation marks omitted) (recognizing for the first time that a municipality's failure to train its employees could subject it to liability "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact").

Greer utilized the court-approved form in filing his Amended Complaint. (ECF No. 8). The form provides an area under each claim for the plaintiff to "describe the custom, policy, or widespread practice that you believe caused the violation of your constitutional rights." *See e.g., Id.* at 9. Instead of describing a custom, policy, or practice, Greer wrote that Sheriff Cantrell disobeyed the Court order to transfer him to the ADC. (ECF No. 8 at 4). Greer further argues the state court judge could have chosen the option to have him housed in county jail and did not. Greer makes no mention of the conditions of his confinement in this section of the complaint.

Greer's allegations do not state the existence of any Washington County policy, custom, or practice that caused the alleged constitutional violation. Further, the Court knows of no constitutional right which requires inmates sentenced to incarceration in the state prison system to

be immediately transferred there.

## IV.   CONCLUSION

For these reasons, it is recommended that:

1. The case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and, thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration.  And,

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of September 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

8